UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COREY CUNNINGHAM,

    Plaintiff,

v.                                        Case No. 4:20-cv-427-TKW/MJF

V. KNIGHT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Corey Cunningham, a prisoner proceeding *pro se*, has filed an amended complaint under 42 U.S.C. § 1983. The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Cunningham's amended complaint fails to state a claim upon which relief can be granted.[1]

**I. BACKGROUND**

Cunningham, an inmate in the custody of the Florida Department of Corrections ("FDC") proceeding *pro se* and *in forma pauperis*, commenced this action against one Defendant. (Doc. 1). The undersigned screened Cunningham's

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The undersigned advised Cunningham that his complaint failed to state a claim against the Defendant and provided Cunningham an opportunity to amend his complaint. (Doc. 6). Cunningham amended his complaint. (Doc. 7). The facts set forth below are drawn from Cunningham's amended complaint.

On June 7, 2020, Defendant V. Knight and other correctional officers conducted a search of the dormitory where Cunningham was housed. (*Id.* at 5). Knight and the correctional officers ordered inmates into the television room while officers conducted the search. Cunningham asserts that Knight and another correctional officer pulled Cunningham out of the television room because he was watching the correctional officers conduct the search. (*Id.*). The correctional officers asked Cunningham where his cell was located, and Cunningham showed them his cell. When they arrived at his cell, another correctional officer, Officer Wray, was searching Cunningham's cell. Cunningham alleges that his cell and his property were not yet in disarray. (*Id.*). Knight ordered Officer Wray to stop the search because Knight was going to search Cunningham's locker and bunk and destroy Cunningham's property. (*Id.*). Cunningham asked Knight to leave his property alone, but Knight simply ordered Cunningham back to the television Room.

After the search was completed and the inmates were released back to their cells, Cunningham discovered that his religious books, legal work, sheets, blanket,

and pillowcase were on the floor. His property was covered in coffee, toothpaste, and other liquids. (Doc. 7 at 6). Cunningham asserts that Knight maliciously destroyed his property in violation of a Florida Administrative Code, violated his right to due process of law, and denied him access to the courts. He states that he has a habeas petition pending in the United States District Court for the Southern District of Florida: *Cunningham v. Dep't of Corr.*, No. 19-cv-62868-DPG (S.D. Fla. Nov. 19, 2019). Cunningham, therefore, asserts that he has claims under the First, Fifth,[2] and Fourteenth Amendments of the United States Constitution, a claim under the Florida Constitution, and a claim for a violation of the Florida Administrative Code. Cunningham seeks compensatory and punitive damages.

## II. STANDARD

Because Cunningham is a prisoner and proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis*

---

[2] Although Cunningham alleges a Fifth Amendment violation, the Fifth Amendment is relevant only with respect to federal actors, not a state correctional officer. *See Massey v. Wheeler*, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000); *McCall v. Dep't of Human Resources*, 176 F. Supp. 2d 1355, 1363 (S.D. Ga. 2001). Cunningham's claim under the Fifth Amendment, therefore, should be dismissed.

proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III. DISCUSSION

**A.** <u>**Access to the Courts Claim**</u>

Prisoners enjoy "a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1997); *Cruz v. Beto*, 405 U.S. 319, 321 (1972); *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). The precise source of this right currently is unsettled. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (describing "the basis of the constitutional right of access to courts" as "unsettled"). The Eleventh Circuit, however, has stated that this right is "grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher*, 536 U.S. at 415 n.12); *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.").

### 1. *Failure to Identify a Colorable Underlying Claim*

An inmate-plaintiff who asserts a claim of denial of access to the courts must allege "that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* (citation omitted). As in every complaint, the factual allegations regarding injury "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (quoting *Christopher*, 536 U.S. at 416).

In *Christopher*, the Supreme Court discussed the requirements for alleging a claim of denial of access to the courts. 536 U.S. at 415. In that case, the plaintiff alleged that she was denied access to the courts because the federal government withheld information from her that was essential to discovering and litigating a claim relating to her husband's torture and murder. *Id.* at 405. In her complaint, however, plaintiff failed to state with particularity what cause of action she could have brought had the federal government given her access to the information it allegedly concealed. *Id.*

The Supreme Court set forth the prerequisite for pleading a claim of denial of access to the courts. It held that "the underlying cause of action . . . is an element that *must be described in the complaint* . . . ." *Id.* at 415 (emphasis added). The Court also stated that the plaintiff must describe the claim for which he was denied access to the courts with sufficient detail to permit a district court "to apply the nonfrivolous test and to show that the 'arguable' nature of the underlying claim is more than mere hope." *Id.* at 416. To accomplish that, the complaint must "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued . . ." in the plaintiff's federal action. *Id.* at 417.

In his complaint, Cunningham merely alleges that he has a pending habeas petition. (Doc. 7). Cunningham has failed to describe the non-frivolous claims in his habeas case with sufficiently particularity in this case. In fact, there are no facts regarding his underlying claims so that this court could apply a test for non-frivolousness to these claims. For this reason alone, he has failed to state a claim of denial of access to courts.

### 2. *Failure to Allege an Actual Injury*

In order to state a claim for a violation of the right of access to the courts, a prisoner also must allege that he suffered an actual injury. *Cunningham*, 592 F.3d at 1271 (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)); *United States v. Stringer*, 546 F. App'x 896, 897 (11th Cir. 2013) ("[T]he denial of access to legal materials

does not violate the Fifth Amendment unless the deprivation impedes the prisoner from pursuing a nonfrivolous claim for relief."). This requirement "derives ultimately from the doctrine of standing," which requires a plaintiff to show that he "suffered, or will imminently suffer, actual harm" as a result of a defendant's conduct. *Lewis*, 518 U.S. at 349. The injury requirement also "reflects the fact that the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Cunningham*, 592 F.3d at 1271 (internal quotation marks omitted).

Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* A plaintiff must allege that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)); *see Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (holding that "a prison officials' actions that allegedly violated an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action"). A litigant asserting a denial of access to the courts claim also must allege that he has a colorable underlying claim for which he seeks relief. *Barbour*, 471 F.3d at 1226. "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* at 1226 (citation omitted). "The allegations about the underlying cause of action must be specific enough to

give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham*, 592 F.3d at 1271 (quoting *Christopher*, 536 U.S. at 416).

A plaintiff also must allege that his non-frivolous claim was denied or dismissed and that the presentation of his case was impeded *because of the defendant's actions. Wilson*, 163 F.3d at 1290-91; *see also Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998). A plaintiff, for example, suffers an actual injury if he shows that he was prevented from meeting a court-imposed deadline. *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (citing *Wilson*, 163 F.3d at 1290 n.10). But if a plaintiff ultimately was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. *Wilson*, 163 F.3d at 1291.

Here, Cunningham's complaint fails to allege an actual injury that was caused by Knight's conduct. This court takes judicial notice of Cunningham's habeas petition which is pending adjudication in the Southern District of Florida.[3] On

---

[3] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Documents filed in Cunningham's habeas action are delineated "ECF No." Documents filed in the present case are delineated "Doc."

November 15, 2019, Plaintiff filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Cunningham v. Dep't of Corr.*, No. 19-cv-62868-DPG (S.D. Fla. Nov. 19, 2019) (ECF No. 1). Cunningham's petition was received and docketed by the court on November 19, 2019. *Id.* On November 20, 2019, the district court ordered the FDC to respond to Cunningham's petition. (ECF No. 5). The FDC responded on January 6, 2020. (ECF Nos. 8, 9, 10). On January 14, 2020, the court directed Cunningham to verify his petition and imposed a deadline of February 13, 2020, to comply. (ECF No. 11). The court also granted Cunningham an extension of time to file a reply to the FDC's response. (ECF No. 15). The deadline for Cunningham to file a reply was extended to February 22, 2020. *Id.* Cunningham submitted a "Verification of Petition" on January 28, 2020. (ECF No. 18). He filed his reply to the FDC's response on February 19, 2020, *almost four months before Knight allegedly destroyed some or all of Cunningham's legal papers on June 7, 2020*. (ECF No. 19). As of the date of this Report and Recommendation, Cunningham's habeas petition is still pending.

Cunningham alleges that he suffered an injury because Knight's conduct caused him to be "unable to complete the process" in the habeas petition, but he does not specify in what respect that is true. He also asserts that Knight's conduct "hindered [Cunningham] from being able to have copies made to send to the higher courts or move to the next level just in case my habeas petition . . . is denied in the

future." (Doc. 7 at 7). Cunningham's allegations are insufficient to meet the actual injury requirement.

To the extent Cunningham is alleging that he is "unable to complete the process" because he was prevented from litigating his habeas petition in the United States District Court for the Southern District of Florida, he has failed to state a claim. Cunningham timely filed his verified habeas petition, and he timely filed a reply to the FDC's response. Cunningham has not alleged that Knight has prevented Cunningham from filing a motion with the Southern District of Florida to obtain documents he might need to litigate that case. Nor does it appear that Cunningham has missed any deadline or failed to meet a technical requirement that has resulted in dismissal of his habeas petition or likely will result in denial of that petition. Cunningham appears to be successfully litigating his habeas petition. A plaintiff who has access to a judicial forum to litigate his underlying claims cannot at the same time plausibly claim that he is being denied access to the courts. *Aldrich v. Ruano*, 554 F. App'x 28, 28 (1st Cir. 2014). When a plaintiff already is litigating claims in a court—the very claims he alleges he is precluded from raising—that court usually can address any alleged denial of access to documents, "and thus, an access to courts claim typically will not be viable." *Swekel v. City of River Rouge*, 119 F.3d 1259, 1263 (6th Cir. 1997). Cunningham's allegation that he is "unable to complete the

process" in his habeas petition is belied by the court records of the Southern District of Florida.

As to Cunningham's claim that he will not be able to makes copies of unspecified documents in some hypothetical future litigation, any such injury is purely speculative at this point. Cunningham's habeas petition, which was filed prior to Knight's conduct, is still pending resolution. Thus, for Cunningham to suffer an injury, the following events must occur:

1. the District Court for the Southern District of Florida must erroneously deny Cunningham's § 2254 petition;

2. the Circuit Justice or federal judge must issue a certificate of appealability; *see* 28 U.S.C. § 2253(c)(1);

3. Cunningham must file a timely notice of appeal;

4. Cunningham must pay the filing fee or be granted permission to proceed *in forma pauperis*;

5. Cunningham timely must attempt to perfect his appeal;

6. Cunningham must be prevented from perfecting his appeal because he cannot file, or somehow requires, some (unspecified) document that Knight allegedly destroyed; and

7. Cunningham must be unable to obtain this unspecified document from the District Court for the Southern District of Florida or some other source.

Because none of these events has yet occurred—and perhaps may never occur—and each event *must occur* for Cunningham to have a claim of denial of access to the courts with respect to any appeal, Cunningham has failed to state a claim of denial of access to the courts. Therefore, the District Court should deny Cunningham's denial of access to the courts claim.

**B.**     **Due Process Claim for Destruction of Property**

To the extent Cunningham is raising a due process claim regarding Knight's alleged destruction of Cunningham's property, this claim also must be dismissed. The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects against the state depriving individuals of property without due process of law. U.S. Const. amend. XIV. An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

An adequate post-deprivation remedy for Cunningham's loss is available under Florida law.[4] *See* Fla. Stat. § 768.28(1) (waiving sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of

---

[4] To the extent that Cunningham asserts a claim under state law for destruction of his property, that claim should be dismissed without prejudice, as discussed in section D *infra*.

property); *see e.g. Loor v. Bailey*, 708 F. App'x 992, 994-95 (11th Cir. 2017) (dismissing a prisoner's due process claim for the loss of his property in light of an adequate state remedy); *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing as frivolous prisoner's claim that prison officials deprived him of due process when they denied him access to his personal property and later denied having the property).[5] Because Florida law provides Cunningham with a legal process to recover damages for loss of his property, he cannot state a claim that he was deprived of due process. Accordingly, he also has failed to state a claim upon which relief can be granted under the Due Process Clause.

C. **Claim of Retaliation for the Exercise of a Constitutional Right**

In his amended complaint, Cunningham raises a retaliation claim, but he has failed to state such a claim. To state a constitutional claim of retaliation, a plaintiff must show that: (1) he engaged in a constitutionally protected activity, (2) he suffered adverse treatment simultaneously with or subsequent to such activity, and (3) a causal connection existed between the protected activity and the adverse action. *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600-01 (11th Cir.1986); *Davis v. United States*, 272 F. App'x 863, 867 (11th Cir. 2008) (citing *Bennett v. Hendrix,* 423 F.3d

---

[5] To the extent that Cunningham claims that Knight *negligently* deprived him of his property, his claim fails for the additional reason that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

1247, 1250 (11th Cir.2005)). Proper assertion of a claim for retaliation requires that a prisoner allege that correctional officials intended to retaliate for his exercise of a right protected under the Constitution and, but for the retaliatory motive, the adverse act complained of would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Here, Cunningham failed to allege the first essential element: that he engaged in constitutionally-protected activity. Cunningham asserts that Knight retaliated against Cunningham because Cunningham "was watching [the correctional officers] search the dorm from the T.V. room." (Doc. 7 at 6). This is an insufficient allegation that Knight retaliated against him for exercising a right protected under the Constitution. *See Block v. Rutherford*, 468 U.S. 576, 591 (1984) (determining that a dorm-wide search conducted outside of the inmate's presence/view does not violate the inmate's Fourth Amendment or Due Process rights). Accordingly, this claim also should be dismissed.

**D.**    **State Law Claims**

Cunningham also asserts that Knight violated the Florida Constitution and Florida Administrative Code because Knight destroyed Cunningham's property. Such allegations do not form a basis of a claim under federal law. *See Boynton v. Strictland*, No. 5:20-cv-107-TKW-MJF, 2020 WL 4288041, *1 (N.D. Fla. July 27, 2020) ("[I]t is well established that not every violation of a state prison regulation

rises to the level of a federal constitutional violation") (citing *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995)). When all federal claims have been dismissed prior to trial, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004). The undersigned, therefore, recommends that the District Court decline to exercise supplement jurisdiction over Cunningham's state law claims and dismiss these claims without prejudice so that Cunningham may pursue them in state court if he so elects. *See* 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's claims under the First, Fifth, and Fourteenth Amendments of the United States Constitution be **DISMISSED** for failure to state a claim upon which relief can be granted.

2. This court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and Plaintiff's state law claims be **DISMISSED** without prejudice.

At Panama City Beach, Florida this <u>4th</u> day of November, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed documents or facts, or if they otherwise wish to be heard on the propriety of the court taking judicial notice, they must raise this issue in an objection to this report and recommendation.**